UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LOUIS GOODMAN, EVELYN GOODMAN, BABETTE RAY, LARRY TAYLOR, CARA TAYLOR, and JOAN THOMPSON,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>SHALIMAR INVESTMENTS, LLC,<br><br>　　　　　　　　Defendant. | No. 4:14-cv-00079-SEB-TAB |

**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

**I.   Introduction**

Defendant seeks a protective order barring Plaintiffs from inquiring during depositions of Defendant and Golars—Defendant's environmental consultant—about "Shalimar's relationship with Golars, including any contract, payments or other consideration to or from Golars, and payments or other consideration from the Excess Liability Trust Fund, an insurer or any other entity" and vice versa. [Filing No. 59, at ECF p. 1.] Defendant originally argued that Plaintiffs were attempting to inquire about Defendant's ability to satisfy a judgment and that the deposition topic was vague and overbroad. [Filing No. 59, at ECF p. 4-5.] Enlightened by Plaintiffs' response to Defendant's original memorandum, Defendant now argues that the topic violates Rule 26(b)(1).

The proposed discovery pertains to Plaintiffs' claims of Indiana Code violations, nuisance, trespass, and negligence against Defendant. [Filing No. 1, at ECF p. 4-7.] Defendant is an owner and operator of underground petroleum storage tanks. [*Id.* at 2.] Plaintiffs allege

that one or more of Defendant's tanks leaked and damaged their properties. [*Id.* at 3.] Plaintiffs further allege Defendant has not properly investigated or corrected the problem. [*Id.*]

## II.  Discussion

### A.  *Meet and Confer Requirement*

Local Rule 37-1 requires counsel to "confer in a good faith attempt" to resolve discovery disputes before filing a discovery motion.  If there is no resolution, counsel is encouraged to contact the Magistrate Judge to help resolve the dispute.  This Court has ruled that a mere exchange of letters or emails, or an electronic ultimatum, does not satisfy L.R. 37-1's meet and confer requirement.  *Slabaugh v. State Farm Fire & Cas. Co.*, 2014 WL 3866108 (S.D. Ind. Aug. 5, 2014), *Loparex, LLC v. MPI Release Technologies, LLC*, 2014 WL 1767088 (S.D. Ind. May 16, 2011).  "Rather, the local rule contemplates an actual meeting with a date, time, and place—whether by telephone, videoconference, or (if counsel's location permits) preferably face-to-face." *Loparex*, 2014 WL 1767088 at *2.

Defendant's counsel violated this rule.  First, any attempt by the parties to "meet and confer" is represented by an exchange of only four emails, the first of which contained the threat of seeking a protective order if Plaintiff failed to amend the topic.  Second, neither of Defendant's emails suggested a date, time, or place to resolve the matter.  Third, Defendant failed to contact the Magistrate Judge before filing its motion.  Because Defendant did not satisfy the meet and confer requirement, the motion is denied.

### B.  *Rule 26(b)(1)*

Defendant argues that Plaintiffs' request for "Shalimar's and/or its environmental consultant's investigation and response to the Contamination, the costs incurred by Shalimar and/or its consultant for those activities, how those costs were itemized/invoiced by Shalimar

2

and/or its environmental consultant, how these costs were submitted to IDEM or any other entity for reimbursement, the amount of funds recovered by Shalimar and/or its environmental consultant" violates Rule 26(b)(1). [Filing No. 62, at ECF p. 2; Filing No. 61, at ECF p. 5.] Rule 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Defendant argues that the requested information is privileged because it considers Golars to be a retained expert. Defendant first explains that Golars "may be privy to attorney-client communications." [Filing No. 62, at ECF p. 2.] However, attorney-client privilege only applies to communications, not underlying facts of the issue. *Upjohn Co. v. United States*, 449 US. 383, 395 (1981). Here, Plaintiffs are not inquiring into any communications between Defendant's attorney and Defendant or Golars. Plaintiffs are inquiring about procedural and monetary facts.

Defendant also explains that the requested information is privileged because "[Golars] may be assisting in the preparation of work product materials." [Filing No. 62, at ECF p. 2.] The work-product doctrine protects the attorney's mental processes, specifically in materials prepared by an attorney or its agents in anticipation of litigation. *United States v. Nobles*, 422 U.S. 225, 238 (1975). Golars was hired to assist in remediation of any contamination. [Filing No. 61, at ECF p. 4.] Nothing in the record suggests that Golars was initially retained or consulted in anticipation of a lawsuit. Therefore, information regarding the Shalimar-Golars relationship is not privileged.

Defendant also claims that the information is not relevant to Plaintiffs' claims. However, relevance under Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Knauf Insulation, LLC v. Johns Manville Corp.*, 2015 WL 7089725, at *1 (S.D. Ind. Nov. 13, 2015) (*quoting Chavez v. DaimlerChrysler, Corp.*, 206 F.R.D. 615, 619 (2005)). The deposition topic at issue is relevant to the duty element of Plaintiffs' negligence claim. Plaintiffs assert that Defendant "breached its duty to responsibly and timely clean up the Contamination." [Filing No. 1, at ECF p. 7.] Plaintiffs' deposition topic relates to how and to what extent Defendant has cleaned up the contamination. Evidence revealed by this discovery topic could show whether Defendant cleaned up the contamination in a way that satisfies the alleged duty. Because the information may reveal evidence to prove or disprove Plaintiffs' negligence claim, the information is relevant.

The deposition topic is also proportional to the needs of the case. Because this information may help determine if the alleged duty is satisfied, it is important for resolving Plaintiffs' negligence claim. Also, Defendant has received $600,000 from the Excess Liability Trust Fund thus far, suggesting that the contamination, as well as the potential damages, are not insignificant. Supplying the requested information does not impose a great burden or expense on Defendant. Thus, in this instance the call for proportionality does not support the requested protective order.

**III.     Conclusion**

For the reasons set forth above, the topic does not violate Rule 26(b)(1) because it is not privileged, it is relevant, and it is proportional to the needs of the case.  Defendant's motion for protective order [Filing No. 58] is denied.

Date: 7/21/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

David Earl Dearing
david@dearinglawfirm.com

Edward S. Griggs
BARNES & THORNBURG LLP (Indianapolis)
sean.griggs@btlaw.com

David L. Hatchett
HATCHETT & HAUCK LLP
david.hatchett@h2lawyers.com

Michael Jonathan Reeder
HATCHETT & HAUCK LLP
mike.reeder@h2lawyers.com

Thomas W. Baker
HATCHETT & HAUCK LLP
tom.baker@h2lawyers.com